IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 35991-3-III |
| | ) | |
| TRAVIS MICHAEL CLIETT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, C.J. — Travis Michael Cliett has filed a personal restraint petition, challenging the legality of his confinement for several felony convictions. Mr. Cliett's petition is arguably untimely. Regardless, it fails on the merits.

FACTS

Mr. Cliett was convicted of robbery, burglary, and unlawful possession of a firearm based on offenses that took place when he was 21 years old. At his 2014 sentencing hearing, Mr. Cliett requested a mitigated sentence on the basis of post-offense progress in drug treatment. The trial court was unimpressed. It imposed a maximum standard range sentence on all counts, followed by 96 months for sentencing enhancements. In total, Mr. Cliett's sentence totaled 267 months. His judgment and sentence became final in 2016.

In 2018, Mr. Cliett filed a motion under CrR 7.8(b) for relief from judgment and resentencing. The superior court transferred Mr. Cliett's motion to this court for consideration as a personal restraint petition. Mr. Cliett claims our Supreme Court's

decision in *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), constituted a substantial change in the law that entitles him to resentencing. This court stayed his petition pending the outcome of *In re Personal Restraint of Light-Roth*, 191 Wn.2d 328, 422 P.3d 444 (2018). That stay has since been lifted and Mr. Cliett's petition is now before this court.

ANALYSIS

Outside of exceptional circumstances, a personal restraint petition must be filed within one year of a judgment's finality. RCW 10.73.090(1). Here, more than one year has passed. Mr. Cliett makes various arguments for why the one-year deadline does not apply to his case. We need not address these arguments because Mr. Cliett's petition fails on the merits.

Mr. Cliett's entire petition is based on the claim that *O'Dell* (which recognized youth as a potential mitigating factor under the Sentencing Reform Act of 1981, chapter 9.94A RCW) constituted a significant and material change in the law that requires resentencing. This argument is identical to the claims our Supreme Court rejected in *Light-Roth*. 191 Wn.2d at 333-38. *Light-Roth* held that *O'Dell* did not work a substantive change to Washington's sentencing law. It merely "broadened" the judiciary's "understanding of youth as it relates to culpability." *Light-Roth*, 191 Wn.2d at 337. Prior to *O'Dell*, there was no legal prohibition on a defendant successfully arguing for a

mitigated sentence downward based on youth. Thus, there was no material change to the legal landscape that would warrant providing a new sentencing hearing.

Even absent any change to the legal landscape, Mr. Cliett cannot show a legal error occurred at sentencing. Mr. Cliett never asked the sentencing court for a mitigated sentence downward based on youth. Nor was the court required to consider Mr. Cliett's age on its own accord. *O'Dell*, 183 Wn.2d at 696 (When sentencing an adult defendant, the trial court need only "be allowed to consider youth as a mitigating factor."). Given the record's contents, Mr. Cliett cannot assign fault to imposition of a standard range sentence. RCW 9.94A.585(1) (No appeal lies for a standard range sentence.); *State v. Garcia-Martinez*, 88 Wn. App. 322, 329, 944 P.2d 1104 (1997) (When the trial court imposes a standard range sentence and the defendant has not alleged mitigating factors, the court cannot have abused its discretion.).

Mr. Cliett does not allege his attorney was ineffective for failing to seek a mitigated sentence downward based on youth. Had he made such a challenge, it would almost certainly fail based on lack of prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (An ineffective assistance of counsel claim requires the defendant to show both deficient performance and prejudice.). Mr. Cliett has not shown he would have had a viable claim for a mitigated sentence based

on youth. Although Mr. Cliett was 21 years old at the time of his offense, and his family members have filed broadly worded declarations indicating that Mr. Cliett suffered from childhood trauma, there is no evidence in the record directly linking Mr. Cliett's offense conduct to his age or immaturity. Such linkage is necessary to justify a mitigated sentence. *O'Dell*, 183 Wn.2d at 694-95 (The test is whether the defendant's youth mitigated the capacity to "'appreciate the wrongfulness of [the criminal] conduct or to conform . . . to the requirements of the law.'") (quoting *State v. Ha'mim*, 132 Wn.2d 834, 846, 940 P.2d 633 (1997)).

## CONCLUSION

Mr. Cliett has not shown that he is under unlawful restraint. The petition is therefore dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____, J.
Fearing, J.

_____, J.
Lawrence-Berrey, J.

4